## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| DAVID KING, | ) | CASE NO. 1:13-cv-00250 |
| | ) | |
| Petitioner, | ) | JUDGE JAMES G. CARR |
| | ) | |
| v. | ) | MAGISTRATE JUDGE GREG WHITE |
| | ) | |
| JASON BUNTING, Warden | ) | |
| | ) | |
| Respondent. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |

Petitioner David King ("King"), challenges the constitutionality of his conviction in the case of *State v. King*, Cuyahoga County Court of Common Pleas Case No. CR-00-395587. King, *pro se*, filed his Petition for a Writ of Habeas Corpus (ECF No. 1) pursuant to 28 U.S.C. § 2254 on January 29, 2013. On September 23, 2013, Warden Jason Bunting ("Respondent") filed his Answer/Return of Writ. (ECF No. 8.) King filed a Traverse on December 30, 2013. (ECF No. 12.) For reasons set forth in detail below, it is recommended that King's petition be DISMISSED as time barred.

### I. Procedural History

**A. Conviction**

During the May 2000 term, a Cuyahoga County Grand Jury charged King with nine counts of rape involving eight separate victims, all under the age of thirteen, in violation of Ohio

Revised Code ("O.R.C.") § 2907.02,[1] fifteen counts of gross sexual imposition ("GSI") in violation of O.R.C. § 2907.05,[2] two counts of felonious assault in violation of O.R.C. § 2903.11, two counts endangering children in violation of O.R.C. § 2919.22, and one count of kidnapping in violation of O.R.C. § 2905.01.  (ECF No. 8-1, Exh. 1.)  All of the rape and GSI counts carried sexually violent predator specifications, and the felonious assault and kidnapping counts carried sexual motivation specifications.  *Id*.

On March 15, 2001, when trial was set to commence, King, represented by counsel, withdrew his former plea of not guilty, and plead guilty to five counts of GSI, two counts of rape, and one count of felonious assault.[3]  (ECF No. 8-1, Exh. 5; ECF No. 9, Tr. 3-4, 20.)  The remaining counts were nolled.  *Id*.  The parties jointly recommended an 18-year prison term.  *Id*. The trial court imposed the recommended sentence of 18 years and King stipulated to being classified as a sexual predator.[4]  *Id*.

**B.   Direct Appeal**

On March 28, 2001, King, *pro se*, filed a Notice of Appeal with the Court of Appeals for the Eighth Appellate District ("state appellate court").  (ECF No. 8-1, Exh. 6.)

---

[1]  All counts alleged the rapes were perpetrated by the use of force or threat of force. (ECF No. 8-1, Exh. 1.)

[2]  The GSI counts involved the same minor victims as the rape counts.  (ECF No. 8-1.)

[3]  The charges were first amended to delete the sexual violent predator specifications, the language alleging the use of force or threat of force, and the references to the being under thirteen years of age.  (ECF No. 8-1, Exh. 5; ECF No. 9, Tr. 3-5.)

[4]  King was sentenced to five years for each GSI conviction, the sentences to run concurrently; ten years for each rape conviction, the sentences to run concurrently; and, three years for felonious assault.  The ten, five, and three year sentences were imposed consecutively to one another for an aggregate term of 18 years.  (ECF No. 8-1, Exh. 5.)

On May 1, 2001, the state appellate court dismissed the appeal *sua sponte* for failure to file a praecipe in accordance with Local Appellate Rule 9(B).  (ECF No. 8-1, Exh. 7.)

No subsequent appeal was filed with the Supreme Court of Ohio.

**C.    Petition to Vacate Void Judgment**

On July 26, 2002, King, *pro se*, filed a petition to vacate void judgment.  (ECF No. 8-1, Exh. 8.)  On August 21, 2002, King filed a "Judicial Notice Rule 201(D)."  (ECF No. 8-1, Exh. 9.)  On April 6, 2004, King, *pro se*, filed a second petition to vacate void judgment.  (ECF No. 8-1, Exh. 10.)  On May 26, 2004, King filed a motion for default judgment due to the State's failure to respond to his motions.  (ECF No. 8-1, Exh. 11.)

On June 24, 2004, the trial court denied the motion for a default judgment and the motion to vacate a void judgment. (ECF No. 8-1, Exhs. 12 & 13.)

King did not appeal to the state appellate court.

**D.    Motion for New Sentencing Hearing**

On March 25, 2010, King, *pro se*, filed a motion for new sentencing hearing in the Cuyahoga County Court of Common Pleas arguing that the sentence was invalid as the Court failed to impose mandatory post-release control.  (ECF No. 8-1, Exh. 14.)

On May 19, 2010, King was brought to court for a sentencing hearing and was appointed counsel.  (ECF No. 8, Exh. 15; ECF No. 9, Tr. 2-3.)  The trial court then reimposed the same jointly-recommended 18-year prison term.  *Id*. at 12-13.  The court then imposed a mandatory term of 5 years of post-release control for the rape and GSI convictions and a mandatory term of 3 years of post-release control for the felonious assault conviction.  *Id*. at 13-15.  King argued that his case should be dismissed as his right to a speedy trial was violated, which the court

denied.  *Id*. at 8-10, 15.

**E.    Appeal from Resentencing**

On June 7, 2010, King, through counsel, filed a timely notice of appeal to the state

appellate court and raised the following assignments of error in his subsequent brief:

1.    The trial court violated Crim. R. 32 when there was an unnecessary delay in sentencing the Appellant.

2.    The trial court abused its discretion in sentencing Appellant to the maximum penalty without consideration of the overriding purposes of felony sentencing or the mandatory sentencing factors.

3.    The trial court abused its discretion in sentencing Appellant to the maximum period of incarceration without articulating judicially reviewable reasons for imposition of the sentence.

(ECF No. 8-1, Exhs. 19 & 20.)

On March 10, 2011, the Eighth District Court of Appeals issued a decision and judgment

entry overruling King's assignments of error and affirming the judgment of the trial court. *State*

*v. King*, 2011-Ohio-1079, 2011 Ohio App. LEXIS 934 (Ohio Ct. App., Mar. 10, 2011).

On May 27, 2011, King, *pro se*, filed a notice of appeal and a motion for delayed appeal in

the Supreme Court of Ohio.  (ECF No. 8-1, Exhs 24 & 25.)

On August 24, 2011, the motion for leave to file a delayed appeal was denied and the case

was dismissed.  (ECF No. 8-1, Exh. 26.)

**F.    Application to Reopen Appeal**

On April 29, 2011, King, *pro se*, filed an Application to Reopen his direct appeal pursuant

to Ohio Appellate Rule 26(B).  (ECF No. 8-1, Exh. 27.)

On October 25, 2011, the state appellate court denied the application, stating that King

failed to meet his burden of demonstrating that "there is a genuine issue as to whether [he] was

-4-

deprived of the effective assistance of counsel on appeal."  (ECF No. 8-1, Exh. 30.)  The appellate court also held that King could only challenge issues related to his resentencing and could not challenge the propriety of his guilty pleas and conviction.  *Id.*

On December 8, 2011, King, *pro se*, filed a notice of appeal with the Supreme Court of Ohio.  (ECF No. 8-1, Exh. 31.)

On February 1, 2012, the appeal was dismissed as not involving any substantial constitutional question.[5]  (ECF No. 8-1, Exh. 33.)

## G.   Federal Habeas Petition

On January 29, 2013, King filed a Petition for Writ of Habeas Corpus and asserted the following grounds for relief:

> **GROUND ONE**: Original complaint was never filed on the face of the record in case no. 395587 with affidavits from witnesses/victim damage party offense.
>
> **Supporting Facts**: Case no. 395587 was void *ab initio* when the prosecution and or court failed to file a criminal complaint on the face of the record until 3½ years after the fact. Nor was there affidavits on the face of the record from any witness/victim damaged party.
>
> The fact is, is the complaint appeared in the record in 2004 with no affidavits attach. The criminal complaint only materialized after numerous inquiries from myself and family at all levels of the clerk of courts (custodian of records) and 3½ year of searching.
>
> **GROUND TWO**: The trial court violated Crim. R. 32 when there was an unnecessary delay in sentencing.
>
> **Supporting Facts**: Mr. King entered a change of plea on March 15, 2001. Nine years and two months later, Mr. King was returned to the trial court from prison and sentenced to an 18 year term of incarceration. The delay in sentencing was based on a void sentence that went unapprised [sic] by the trial court or the State.

---

[5]  King also filed two motions seeking additional jail time credit.  (ECF No. 8-1, Exhs. 34 & 36.)  These motions are not pertinent to the petition.

When a sentence is void that sentence is to be treated as if it had never occurred. Therefore there was a nine year and two month delay between the time Mr. King entered his change of plea (March 15, 2001), and the time he was sentenced (May 18, 2010).

**GROUND THREE**: The trial court abused its discretion in sentencing Appellant to the maximum penalty without consideration of the overriding purposes of felony sentencing or the mandatory sentencing factors.

**GROUND FOUR**: The trial court abused its discretion in sentencing Appellant to the maximum period of incarceration without articulating judicially reviewable reasons for imposition of the sentence.

(ECF No. 1.)

## II.  Statute of Limitations

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254.  *See Lindh v. Murphy*, 521 U.S. 320, 326-27, 337 (1997).  The relevant provisions of AEDPA state:

> (d)(1) A one year period of limitations shall apply to the filing of an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

-6-

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) & (2).

## A.    One-Year Limitation

In the instant action, Respondent asserts that King's petition is time-barred because he did not file within the one-year limitations period.  He contends that King's conviction became final on June 15, 2001, forty-five (45) days after his appeal was dismissed and the time to file an appeal with the Supreme Court of Ohio expired.[6]  (ECF No. 8 at 10.)  Therefore, King's time to file a timely habeas petition expired on June 16, 2002.  *Id.*

The AEDPA tolls the one-year limitations period during the time "'a properly filed application for State postconviction or other collateral review . . . is pending.' § 2244(d)(2)." *Evans v. Chavis*, 546 U.S. 189, 191 (2006); *Carey v. Saffold*, 536 U.S. 214 (2002); *accord Matthews v. Abramajtys*, 319 F.3d 780, 787 (6th Cir. 2003).  "The time that an application for state postconviction review is 'pending' includes the period between (1) a lower court's adverse determination, and (2) the prisoner's filing of a notice of appeal, provided that the filing of the notice of appeal is timely under state law." *Id.*[7]

Only "properly filed" applications for postconviction relief or collateral review toll the statute

---

[6]  Ohio Supreme Court Practice Rule II § 2 requires appeals to be perfected within 45 days.  Here, a timely appeal would have been due on June 15, 2001.

[7]  An application for state habeas review is an application for state post-conviction review or other collateral review within the meaning of the AEDPA.  *See Abela v. Martin*, 348 F.3d 164, 170 (6th Cir. 2003), *overruled on other grounds as stated in Sanders v. Bobby*, 2008 U.S. Dist. LEXIS 7248 (N.D. Ohio 2008).

of limitations, and "a state postconviction petition rejected by the state court as untimely is not 'properly filed' within the meaning of § 2244(d)(2)." *Allen v. Siebert*, 552 U.S. 3, 128 S. Ct. 2, 3 (2007); *Pace v. DiGuglielmo,* 544 U.S. 408, 125 S.Ct. 1807 (2005) ("time limits, no matter their form, are 'filing' conditions, and a state postconviction petition is therefore not 'properly filed' if it was rejected by the state court as untimely"); *Monroe v. Jackson*, 2009 WL 73905, *2, Case No. 2:08cv1168 (S.D. Ohio Jan. 8, 2009).  Further, if a state court ultimately denies a petition as untimely, that petition was neither properly filed nor pending and a petitioner would not be entitled to statutory tolling.  *See Monroe* at *2; *Thorson v. Palmer*, 479 F.3d 643, 645 (9th Cir. 2007).

As King did not file an appeal with the Supreme Court of Ohio from the dismissal of his direct appeal, the Court agrees that his conviction became final on June 15, 2001 –  45 days after his direct appeal was dismissed by the state appellate court.  Without the benefit of tolling, King's habeas petition had to be filed no later than June 16, 2002.  King's next state court filing, his petition to vacate void judgment, was not filed until July 26, 2002.  (ECF No. 8-1, Exh 8.)  A state court filing, irrespective of whether it is timely filed, cannot serve to toll a statute of limitations which has already expired.  *See Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003).  Section 2244(d)(2)'s tolling provision "does not ... 'revive' the limitations period (*i.e.*, restart the clock at zero); it can only serve to pause a clock that has not yet fully run.  Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations." *Vroman*, 346 F.3d at 602 (citation omitted).  As such, none of King's state court filings after June 16, 2002 would toll the already expired statute of limitations.

Therefore, unless equitable tolling is appropriate or King is entitled to begin calculating the statute of limitations from an alternative date, his petition should be dismissed as time-barred.

**B.    Factual Predicate**

Pursuant to 28 U.S.C. § 2244(d)(1)(D), the statute of limitations may commence later than the date when a petitioner's conviction became final if the factual predicate of the claim or claims was not earlier discovered by a petitioner acting with due diligence.

King does not argue that the factual predicate of his claims were not discovered until a later date.  He does, however, appear to argue that his original sentence was void because it was not proper under state law.  (ECF Nos. 1 & 12.)  Although King does not explain how this assertion applies to the statute of limitations, the pleadings of *pro se* prisoners are liberally construed and held to a less stringent standard.  *See, e.g., McNeil v. United States*, 508 U.S. 106, 113 (1993); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991).  The Court will construe King's briefs as raising two related arguments: (1) the error in his original sentence rendered it void and, therefore, the statute of limitations did not begin to run until any and all errors were corrected; and, (2) the date of his re-sentencing is the operative date from which the statute of limitations must be calculated.

First, this Court has previously rejected arguments that a void sentence means that the habeas clock has simply never started.  *See, e.g., Hackett v. Bradshaw*, 2012 U.S. Dist. LEXIS 184587 (N.D. Ohio, Dec. 4, 2012).  In *Frazier v. Moore*, 252 Fed. App'x. 1 (6th Cir. 2007), the Sixth Circuit found that a defective state court judgment "does not lead to the conclusion that there was no judgment for the purpose of [AEDPA]'s one year statute of limitations.  Many of the petitions cognizable on federal habeas review challenge the validity of the underlying state court judgment.  The fact that the state court judgment may have been procured in violation of state or

federal law does not, however, render the judgment null under § 2244(d) [of the AEDPA]." *Id*. at 5-6.  As noted by the *Frazier* court, "[i]f a judgment that was procured by a procedure that violated federal constitutional rights were sufficient to render a petitioner not in custody 'pursuant to the judgment of a state court' for the purpose of §§ 2244(d) and 2254, then the habeas regime embodied in these provisions would be substantially undermined."  Recently, the Sixth Circuit confirmed that "[n]othing in the federal habeas statute requires that a judgment be valid under state law" before the statute of limitations begins to run.  *Mackey v. Warden, Leb. Corr. Inst.*, 525 Fed. Appx. 357, 361 (6th Cir. 2013).  The *Mackey* court reaffirmed its prior decision in *Frazier*.  *Id*.

There is, however, some authority that could be interpreted as supporting the position that the "re-sentencing" is the operative date under the AEDPA.  *See, e.g., Burton v. Stewart*, 549 U.S. 147, 156-157 (2007) (rejecting petitioner's argument that if he had not filed an earlier petition and instead waited until state review of his sentencing claims were complete, he risked losing the opportunity to challenge his conviction in federal court due to AEDPA's 1-year statute of limitations).  The *Burton* court explained that the petitioner "misreads AEDPA," and that "final judgment in a criminal case means sentence."  *Id*. citing *Berman v. United States*, 302 U.S. 211, 212 (1937).  Accordingly, the *Burton* court found that the limitations period did not begin until both petitioner's conviction *and* sentence became final by the conclusion of direct review or the expiration of the time for seeking such review.  *Id*.  The *Burton* decision, however, was concerned with whether the petitioner had filed a second or successive petition.  In *Rashad v. Lafler*, 675 F.3d 564, 568 (6th Cir. 2012), the Sixth Circuit found that where a petitioner's conviction was affirmed on *direct review* while the case was remanded for resentencing due to some infirmity in the initial sentence, the judgment becomes final only after *direct review* of the resentencing.

-10-

Respondent argued in his brief that the above cases are distinguishable.  (ECF No. 8 at 11-12.)  The Court agrees.  In *Mackey*, the Sixth Circuit addressed a similar situation where a petitioner had been sentenced years earlier (in 1998), but was not informed that he would be subject to mandatory post-release control at the end of his prison term.  525 Fed. App'x at 358.  Over a decade later, the petitioner filed a motion for resentencing based on the lack of notice regarding the imposition of post-release control.  *Id.* at 359.  The common pleas court granted the motion and resentenced the petitioner *de novo* on February 4, 2011.  *Id.*  Factually, King's scenario is indistinguishable.  The Sixth Circuit concluded that the 2011 resentencing did not restart the statute of limitations explaining as follows:

> Mackey argues that his February 2011 *de novo* resentencing is the correct and only starting point from which the federal habeas statute of limitations can run because the 2011 sentence is the only sentence applicable to him. [Pet. Br. 39-40].  We disagree.  Assuming that the state court sentencing date is the relevant date for purposes of determining the federal habeas statute of limitations under § 2244(d)(1)(A), *Burton v. Stewart*, 549 U.S. 147, 156, 127 S. Ct. 793, 166 L. Ed. 2d 628 (2007), the [common pleas court] CP was only able to resentence *Mackey* on February 4, 2011 to impose post-release controls.  Therefore, Mackey's federal habeas statute of limitations still runs from his 1998 sentence.

> \*\*\*

> Here, Ohio law dictates that Mackey's federal habeas statute of limitations runs from his 1998 sentence.  Under the [Ohio Supreme Court] OSC precedent in *Fischer* and its progeny, the CP was able to resentence Mackey only to impose post-release controls on February 4, 2011.  *Fischer*, 128 Ohio St. 3d at ¶ 29, 942 N.E.2d at ¶ 29; *State v. Carr*, 2012 Ohio 1850, 2012 WL 1484205, at \*3 (Ohio Ct. App. 2012) (citing *Fischer* to state that the scope of a resentencing hearing to correct an original sentence that omitted post-release controls is limited to imposition of those post-release controls).  For the purpose of determining the federal habeas statute of limitations under § 2244(d)(1)(A), the 2011 sentence was *de novo* only as to the imposition of post-release controls.  Therefore, the federal district court properly dismissed Mackey's 2009 habeas petition because none of his fifteen grounds for relief claimed that the imposition of post-release controls in 2011 was contrary to federal law.

In the alternative, Mackey relies on *Burton* and *Rashad v. Lafler*, 675 F.3d 564 (6th Cir. 2012) to argue that even if the 1998 judgment were operative for § 2244 purposes, the CP reset the federal habeas statute of limitations when it resentenced him in 2011. [Pet. Br. 48; Pet. Ltr.].  In both *Burton* and *Rashad*, the petitioners' one-year federal habeas statutes of limitations ran from their state court resentencing dates, not their original sentencing dates.  *Burton*, 549 U.S. at 156; *Rashad*, 675 F.3d at 568.  Although the habeas petitioners in *Burton* and *Rashad* were also resentenced in state court, those cases are materially distinguishable from this case. Both Burton and Rashad had obtained appellate vacation of their sentences in direct criminal appeals on the merits while proceeding as defendant-appellants in their respective state court systems and were subsequently resentenced on remand. *Burton*, 549 U.S. at 150; *Rashad*, 675 F.3d at 566-67. Mackey, on the other hand, obtained a *de novo* resentencing to remedy a technical error.

Because Mackey's *de novo* resentencing did not affect the federal habeas statute of limitations under § 2244(d)(1)(A), the federal district did not abuse its discretion when it denied Mackey's Rule 59(e) motion.  *Betts v. Costco Wholesale Corp.*, 558 F.3d 461, 467 (6th Cir. 2009) (stating that we review a district court's disposition regarding a motion to alter judgment pursuant to Rule 59(e) for an abuse of discretion).

Although AEDPA requires us to deny Mackey's federal habeas petition on statute of limitations grounds, we are deeply disturbed by the facts of this case. *** Although we sympathize with Mackey's position, we are bound by AEDPA's statute of limitations to deny his petition.

*Mackey*, 525 Fed. App'x at 362-63 (footnotes omitted); *accord Champion v. Timmerman-Cooper*, 2013 U.S. Dist. LEXIS 144696 at *11 (S.D. Ohio Oct. 7, 2013) ("Resentencing under Ohio law to properly impose post-release control does not restart the time for filing habeas corpus."); *Howard v. Tibbals*, 2013 U.S. Dist. LEXIS 183768 at *16 (N.D. Ohio July 22, 2013) ("As none of [Petitioner's] habeas grounds for relief challenge the imposition of post-release control, the ... re-sentencing arguably did not affect the statute of limitations under § 2244(d).")  Here, King's petition notably does not argue that the imposition of post-release control violated federal

-12-

constitutional law.[8]

As explained in a subsequent decision of the Court of Appeals for the Sixth Circuit, "not every modification that can be made to a sentence *automatically* restarts [AEDPA's] statute of limitations." *Eberle v. Warden*, 532 Fed. App'x 605, 610 (6th Cir. 2013).  The Sixth Circuit determined that the modification to the petitioner's sentence – the imposition of post-release control – was done to "remedy a technical error."  *Id*.  The *Eberle* court further observed that "the change [in the petitioner's sentence] did not pertain to the underlying conviction, nor did it relate to the basis of the plea bargain [petitioner] struck with the state."  *Id*.  Finally, the court noted that no new sentencing hearing was held.  *Id*.  For these reasons, the Sixth Circuit found that the petitioner's new sentence did not restart AEDPA's statute of limitations.  *Id*.  King's situation is analogous, for the most part, though he did have a resentencing hearing unlike the petitioner in *Eberle*.  However, the *Eberle* decision expressly noted that it was not attempting to draw a "precise line" as to when modifications to sentences are sufficient to restart the statute of limitations.  *Id*.  In *Mackey*, the petitioner also received a *de novo* resentencing, at which time the trial court imposed post-release control *and* effectively reduced the original sentence by ordering concurrent instead of consecutive sentences.  525 Fed. App'x at 359.  Unlike in *Mackey*, King received the exact sentence originally imposed, except that he was notified both at the resentencing hearing and in the judgment entry that he was subject to post-release control.  As in both *Eberle* and *Mackey*, King was resentenced only to remedy a technical error.  If anything, King's

---

[8]  With the exception of ground two, all of King's claims for relief could have been raised after his initial sentence.  Further, ground two, plainly asserts a violation of a state procedural rule and is not a cognizable claim for federal habeas review.  Grounds three and four challenge the imposition of an eighteen year sentence, a sentence that King agreed to as part of his plea.

resentencing constituted a less significant change than the petitioner in *Mackey*. Therefore, Sixth

Circuit precedent in *Eberle* and *Mackey* controls the instant action.[9] Restarting the AEDPA statute

of limitations after a resentencing to correct technical sentencing errors – errors without federal

constitutional ramifications – would undermine the provisions of the AEDPA and resurrect claims

that could have been raised years earlier.

## C.    Equitable Tolling

Finally, the Court finds that equitable tolling is not appropriate.  King did not make an

equitable tolling argument after Respondent raised the statute of limitations defense.  *See, e.g.,*

*Pace*, 544 U.S. at 418 (holding that a petitioner bears the burden of proving that equitable tolling is

applicable).  In order to be entitled to equitable tolling, King has the burden of establishing "(1)

that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood

in his way."  *Id.*; *see also Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002).  A court should be

"much less forgiving . . . where the claimant failed to exercise due diligence in preserving his legal

rights."  *Vroman*, 346 F.3d at 605, *quoting Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96

---

[9]   In this Court's view, King's situation lies somewhere between the *Mackey* and *Eberle*
decisions.  The statute of limitations did not restart in either.  This Court is also aware
that King was resentenced based on *State v. Singleton*, 124 Ohio St.3d 173, 2009-Ohio-
434, 920 N.E.2d 958 (Ohio 2009) ("For criminal sentences imposed prior to July 11,
2006, in which a trial court failed to properly impose postrelease control, trial courts shall
conduct a *de novo* sentencing hearing in accordance with decisions of the Supreme Court
of Ohio").  The Court is also cognizant of the fact that *Singleton* was overruled just a few
months after King's resentencing by *State v. Fischer*, 128 Ohio St. 3d 92, 103,
2010-Ohio-6238, 942 N.E.2d 332 at n. 3 (Ohio 2010).  The latter decision was
controlling at the time the petitioner in *Mackey* was sentenced.  While this distinction
may impact whether a "resentencing" is properly characterized as *de novo* under Ohio
law, it does not alter the fundamental holdings of *Mackey* and *Eberle* – that modifications
to sentences obtained on collateral review to correct technical errors simply do not affect
the federal habeas statute of limitations where the time to file already expired.

(1990); *accord Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003); *Garrison v. Warren Corr. Inst.*, 1999 U.S. App. LEXIS 13314 (6th Cir. Jun. 10, 1999).

King has failed to carry this burden.

**D.    Actual Innocence**

"It is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked." *Bousley v. United States*, 523 U.S. 614, 621 (1998) (*quoting Mabry v. Johnson*, 467 U.S. 504, 508 (1984)); *cf. See, e.g., Machibroda v. United States*, 368 U.S. 487, 493 (1962) (observing that a guilty plea induced by false threats or promises is subject to a collateral attack).[10]  However, in *Souter v. Jones*, 395 F.3d 577, 588 (6th Cir. 2005), it was held that "equitable tolling of the one-year limitations period based on a credible showing of actual innocence is appropriate."  395 F.3d at 599 (following *Schlup v. Delo*, 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808 (1998)).  "A petitioner may claim actual innocence for the purposes of equitable tolling, even if his conviction was the result of a plea." *Connolly v. Howes*, 304 Fed. Appx. 412, 417 (6th Cir. 2008) (*citing Bousley*, 523 U.S. at 623; *Waucaush v. United States*, 380 F.3d 251, 258 (6th Cir. 2004) (finding petitioner actually innocent of charge to which he pled guilty).  In such cases, a petitioner must "support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific

---

[10]  Furthermore, "the voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review." *Bousley*, 523 U.S. at 621. "[T]he concern with finality served by the limitation on collateral attack has special force with respect to convictions based on guilty pleas." *Id*. (*quoting United States v. Timmreck*, 441 U.S. 780, 784 (1979)).  By failing to challenge the validity of a guilty plea on direct appeal, a petitioner procedurally defaults a claim of a defective guilty plea. *Id*. (finding that petitioner, who only challenged his sentence on direct appeal, procedurally defaulted on a challenge to the validity of his guilty plea).  King never completed a full round of direct review challenging the validity of his guilty plea.

evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." *Schlup*, 513 U.S. at 298.

Here, King has neither argued that he is actually innocent, nor has he presented this Court with any new reliable evidence.  As such, there is no basis for this Court to consider King's time-barred claims.

### III.  Conclusion

For the foregoing reasons, it is recommended that this matter be DISMISSED as time barred.

/s/ Greg White
U.S. MAGISTRATE JUDGE


Date: April 24, 2014



**OBJECTIONS**
**Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation.  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).**