**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

David King,                                                   Case No. 1:13CV250

           Petitioner,

           v.                                                  **ORDER**

Jason Bunting, Warden,

           Respondent.

This is a habeas corpus case under 28 U.S.C. § 2254.

Petitioner David King seeks relief from his Ohio convictions for rape, gross sexual imposition, and felonious assault.

Now before me is the Magistrate Judge's Report and Recommendation (R&R), which suggests I dismiss the petition as untimely. (Doc. 14). Petitioner has filed an objection. (Doc. 15).

For the following reasons, I overrule petitioner's objection, adopt the R&R, and dismiss the petition with prejudice.

**Background**

In March, 2001, petitioner pled guilty in the Common Pleas Court of Cuyahoga County to five counts of gross sexual imposition, two counts of rape, and one count of felonious assault. The trial court sentenced him to eighteen years' imprisonment.

Petitioner filed a notice of appeal, but Ohio's Eighth District Court of Appeals dismissed the appeal on May 1, 2001, because petitioner did not file, as that court's local rules required him to file, a praecipe. Petitioner did not seek review in the Ohio Supreme Court.

Between July, 2002, and May, 2004, petitioner filed a battery of postconviction petitions in the state trial court. The trial court denied the petitions in June, 2004; petitioner did not appeal.

In March, 2010, petitioner filed a motion requesting the state trial court to resentence him. Petitioner argued his original sentence was void because it did not include a period of mandatory post-release control.

In May, 2010, the trial court resentenced King: it imposed the same eighteen-year sentence it had imposed in 2001, but also required that King serve: 1) a five-year term of post-release control for the rape and GSI conviction; and 2) a three-year term for the felonious-assault conviction.

One year later, King moved the Eighth District Court of Appeals to re-open his direct appeal. However, in October, 2011, the appellate court denied that request, and the Ohio Supreme Court denied petitioner's request for further review.

Petitioner filed his § 2254 petition in this court on January 29, 2013. (Doc. 1).

On initial review, the Magistrate Judge recommended I dismiss the petition as time-barred.

The Magistrate Judge found petitioner's conviction became final under 28 U.S.C. § 2244(d)(1)(A) on June 15, 2001 – when the time to seek discretionary review in the Ohio Supreme Court expired. *See* Ohio S. Ct. Prac. R. 7.01(A)(1)(a)(i).

The Magistrate Judge then concluded that, absent tolling, petitioner needed to file in this court no later than June 16, 2002. However, because petitioner did not initiate his first state-court collateral attack until July, 2002 – thereby allowing more than one year of untolled time to elapse – the Magistrate Judge determined the petition was untimely.

The Magistrate Judge then considered whether petitioner might be entitled to a later start to the limitations period under § 2244(d)(1)(D).

First, the Magistrate Judge noted petitioner's argument that, because his original state-court judgment was void, the limitations period did not begin running until the state court corrected the void sentence by re-sentencing him in 2011.

However, the Magistrate Judge found the decision in *Mackey v. Warden, Lebanon Corr. Ctr.*, 525 F. App'x 357, 361 (6th Cir. 2013) – which held "[n]othing in the federal habeas statute requires that a judgment be valid under state law" before the limitations period can start – foreclosed that argument.

Second, the Magistrate Judge recognized that, in some cases, a new or modified sentence resulting from a resentencing hearing may provide the operative date for starting the limitations period. (Doc. 14 at 10-12).

Relying on *Eberle v. Warden*, 532 F. App'x 605, 610 (6th Cir. 2013), the Magistrate Judge found the resentencing here – which merely imposed a term of post-release control – "was done to remedy a technical error" and did not involve the kind of sentence modification that could restart the limitations period.

## Discussion

Because petitioner has filed an objection, my review is de novo. 28 U.S.C. § 636(b)(1).

Petitioner objects to only one aspect of the R&R: the Magistrate Judge's rejection of his argument that, because his original judgment of conviction was void, his habeas petition is not subject to § 2244(d)(1). (Doc. 15 at 2 ("This case is void ab initio and could never be subjected to time limits.")).

The Sixth Circuit has rejected the argument that a federal habeas petition attacking a supposedly void or invalid state-court judgment is exempt from § 2244(d)(1). *Mackey*, *supra*, 525 F. App'x at 361-362; *Frazier v. Moore*, 252 F. App'x 1, 5-6 (6th Cir. 2007). As the court explained:

> even if [petitioner] is correct that a failure by the trial court to [adhere to state law in imposing a sentence] means that his judgment was defective, that does not lead to the conclusion that there was no judgment for the purpose of § 2244(d)'s one year statute of limitations. Many of the petitions cognizable on federal habeas review challenge the validity of the underlying state court judgment. The fact that the state court judgment may have been procured in violation of state or federal law does not, however, render the judgment null under § 2244(d). This is revealed by an examination of § 2244(d) and the practice that has developed thereunder. First, the language of the statute requires only custody "pursuant to the judgment of a state court." Nothing in the text requires that the judgment be valid under state or federal law.

*Id.* at 5-6.

Given *Frazier* and *Mackey*, the Magistrate Judge correctly rejected petitioner's argument. Accordingly, I will overrule petitioner's objection.

## Conclusion

For the reasons stated above, it is ORDERED THAT

1. Petitioner's objection to the R&R be, and the same hereby is overruled. The R&R (Doc. 14) is adopted as the order of this court;

2. Petitioner's habeas corpus petition (Doc. 1) be, and the same hereby is dismissed with prejudice; and

3. No certificate of appealability will issue, given that reasonable judges could not debate whether the petition is untimely.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge